IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BROWN, | ) |
| Plaintiff | ) Case No. 1:18-cv-00086 (Erie) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| JOHN WETZEL, ET AL., | ) UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) |
| | ) OPINION AND ORDER |

This case raises serious issues relating to the care afforded to inmates, such as Plaintiff James Brown ("Brown"), who suffer from Hepatitis-C infections and, more specifically, the circumstances under which the Department of Corrections and its medical personnel will provide them with medications to better treat, and perhaps even cure, Hepatitis-C.[1] Pending before the Court are motions to dismiss filed by certain medical provider Defendants seeking dismissal of Brown's claims against them. For the reasons discussed below, the Court will grant the pending motions while allowing Brown leave to amend his pleading as to claims concerning which amendment may not be futile.

I.  Background

Brown is currently incarcerated at the State Correctional Institution at Albion, Pennsylvania. Brown filed a pro se complaint in this Court against the following Defendants:

---

[1] The recent availability of medications such as Harvoni to better treat and perhaps even cure the Hepatitis-C infection has led to many court filings in this District and others seeking access to these new drugs. *See, e.g., Davis v. Wetzel*, 2019 WL 653808 (M.D. Pa. Feb. 15, 2019); *Turner v. Wetzel*, 2018 WL 7253304 (M.D. Pa. Dec. 28, 2018); *Tillery v. Noel*, 2018 WL 3521212, *1 (M.D. Pa. June 28, 2018); *Davis v. Wetzel*, 2018 WL 5231148 (M.D. Pa. 2018); *Chimenti v. Wetzel*, 2018 WL 3388305 (E.D. Pa. July 12, 2018); *Abu-Jamal v. Kerestes*, 2018 WL 2166052 (M.D. Pa. May 10, 2018); *Hubbard v. Lanigan*, 2018 WL 1905804 (D.N.J. April 23, 2018); *Murray v. Pa. Dep't. Corr.*, 2016 WL 7744449 (W.D. Pa. Nov. 16, 2016); *Maskelunas v. Wexford Health Source, Inc.*, 2015 WL 6686709 (Oct. 8, 2015).

1

John Wetzel, Secretary of Corrections; Dr. Paul Noel, Chief of Clinical Services of the Department's Bureau of Health Care Services; and Joseph Silva, Departmental Hepatitis-C committee member. Brown also sued the following medical personnel from SCI-Albion: Jeri Smock, Dr. Rekha Halligan, Daniel Stroup, Alexis Secara, and Mike Edwards. Brown also sued prison medical provider Correct Care Solutions. For this motion, the Court will group together Defendants Halligan, Stroup, Secora, Cowan, and Correct Care and refer to them collectively as the "Medical Defendants."[2] Brown's complaint raised various claims against these Medical Defendants based on their alleged failure to treat the Plaintiff with "new generation drugs," specifically the medication Harvoni. ECF No. 5 at 11. Brown amended his complaint to add Defendants Richard Wenhold, a Department nurse, and Jay Cowan, M.D., a medical employee of Correct Care. ECF No. 24, ¶¶10-11. The Court includes Dr. Cowan among the Medical Defendants.

The Amended Complaint, the operative complaint here, alleges that the Medical Defendants were deliberately indifferent to Brown's serious medical needs because they failed to treat him with Harvoni.[3] *Id.* at ¶¶ 5, 7-8, 10. Brown also alleges that all Medical Defendants conspired to deny him medical treatment. *Id.* Further, Brown contends that Correct Care created a protocol for inmates infected with Hepatitis-C that denied, delayed, and refused to treat him properly, including with Harvoni. *Id.* at ¶ 6. He also claims that Correct Care breached its duty

---

[2] The remaining Defendants (Edwards, Noel, Silva, Smock, and Wetzel) filed an Answer to Brown's original complaint. ECF No. 17. These Defendants—with the addition Defendant Wenhold—answered Brown's Amended Complaint. ECF No. 41. When relevant, the Court will refer to these Defendants as the "DOC Defendants."

[3] As this Court noted, "There are several new treatments for hepatitis C, including Solvaldi . . . and Harvoni, since October 2014. These new treatments are notable both for their apparent success and for their expense, and there are numerous lawsuits pending nationwide (by inmates and by non-inmates) over how the cost of these treatments should be borne and how treatment shall be prioritized for those persons who cannot afford care themselves." *Maskelunas*, 2015 WL 6686709 at *2.

2

to him as a third-party beneficiary of its contract with the Department to provide inmates with medical care. *Id.*

Contemporaneous to the filing of their Answer (ECF No. 49), the Medical Defendants moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion has been fully briefed by all parties and the question is now ripe for disposition.[4]

II.     Motions to Dismiss—Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although the Court should accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Brown is proceeding pro se. A court must employ a less stringent standard when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). For that reason, when presented with a pro se complaint, the

---

[4] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF No. 2, ECF No. 18, ECF No. 32. *See also* 28 U.S.C. § 636(c).

3

Court will construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dlunos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Despite this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

III. Discussion

Brown asserts claims under 42 U.S.C. § 1983. ECF No. 24 at ¶ E9. To state a viable cause of action under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the *United States. West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Brown alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment under the theory that the Defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that prison officials violate the Eighth Amendment when they show deliberate indifference to a prisoner's serious medical needs by "intentionally denying or delaying access to medical care or interfering with the treatment once prescribed").

The Medical Defendants ask that Brown's claims be dismissed as follows: (1) the claims against Defendant Cowen should be dismissed for a failure to exhaust; (2) Brown's breach of contract should be dismissed against all Medical Defendants because Brown is not a third-party beneficiary of the contract between Correct Care and the DOC and therefore lacks standing to assert this claim; (3) the civil conspiracy claims should be dismissed because it fails to allege facts sufficient to support such a claim; and (4) Brown's state-law medical malpractice claims against the Medical Defendants should be dismissed because of the Plaintiff's failure to file a

4

Certificate of Merit as required by Pennsylvania law. The Court will discuss each of these bases for dismissal in turn.

    A.    The claims against Defendant Cowan are dismissed for a failure to exhaust administrative remedies.

The Medical Defendants contend that Brown's claim against Defendant Cowan should be dismissed because it has not been properly exhausted, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Court agrees and this claim will be dismissed as to Defendant Cowan.

The PLRA's exhaustion provision states: "No action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time [,]" and must "be determined by a judge, even if that determination requires the resolution of disputed facts." *Small v. Camden Cty.*, 728 F.3d 265, 269-70 (3d Cir. 2013) (citations omitted) (emphasis in original). Failure to exhaust is an affirmative defense that must be pleaded and proven by the defendants; it is not a pleading requirement for the prisoner-plaintiff. *Jones v. Bock*, 549 U.S. 199, 212 (2007).

To properly exhaust administrative remedies under the PLRA, "prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself." *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 153 (3d Cir. 2016) (internal quotations and citations omitted). Courts do not have discretion to decide whether exhaustion should be excused, *Ross v. Blake*, —— U.S. ——, 136 S. Ct. 1850, 1858 (2016), and there is no exception

5

to the exhaustion requirement based on "futility." *Ahmed v. Dragovich*, 297 F.3d 201, 206 (3d Cir. 2002) (citations omitted).

Relevant to these proceedings is the Pennsylvania Department of Corrections' ("DOC's") official Inmate Grievance System, governed by Administrative Directive 804 ("DC–ADM 804"). *See* ECF No. 48-2. This grievance process consists of three steps: (1) initial review by a Grievance Officer of an inmate grievance; (2) the appeal to the Facility Manager to review the decision of the Grievance Officer; and (3) the final review or appeal to the Secretary's Office of Inmate Grievance Appeals ("SOIGA") to review the decision of the Facility Manager. *See* DC-ADM 804 (April 27, 2015); *see also Smith v. Sec'y of Pa. Dep't. of Corr.*, 2018 WL 4771778, at *2 (3d Cir. 2018) (discussing the three-step grievance process set forth in DC-ADM 804).

In support of their motion, Defendants have filed the Plaintiff's complete SOIGA file. *See* ECF No. 48-1, ECF No. 48-2.[5] A review of that file shows that Brown fully exhausted only one grievance relevant here, Grievance No. 610120.[6] As Defendants correctly observe, however, Brown never mentioned Cowan anywhere in his filings relative to Grievance No. 610120. *See* ECF No. 48-1 at 5-11. In that Grievance, Brown complains of the Department's "[f]ailure to provide the new drugs," arguing that the Department's protocol for Hepatitis-C treatment was founded solely on efficiency instead of medical reasons. *Id.* This Grievance names Medical Defendant Stroup specifically as well as identifies the "PA's [sic] at medical rooms three and

---

[5] The Court of Appeals for the Third Circuit has held that exhaustion questions can be analyzed under Federal Rule of Civil Procedure 12(b)(6) when they depend on "'indisputably authentic documents related to [the inmate's] grievances.'" *Rinaldi v. United States*, 904 F.3d 257, 262 n.1 (3d Cir. 2018) (quoting *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004)) (alteration in the original). Such is the case here, as Defendants have appended Brown's official grievance file in support of their Rule 12(b)(6) motion.

[6] The Department rejected Grievance No. 709191 as duplicative of Grievance No. 610120.

6

room nine." *Id* at 5. But no mention is made anywhere in the Grievance or later appeal identifying Defendant Cowan.

This a problem for Brown because DC-ADM 804 is clear in its requirement that "[t]he inmate shall identify individuals directly involved in the event(s)" comprising the grievance. *See* DC-ADM 804 § 1(A)(11)(b). Indeed, the Court of Appeals for the Third Circuit has consistently recognized that "a Pennsylvania inmate's failure to properly identify a defendant constitute[s] a failure to properly exhaust his administrative remedies under the PLRA." *Williams v. Pennsylvania Dep't. of Corrections*, 146 Fed. Appx. 554, 557 (3d Cir. 2005), citing *Spruill*, 372 F.3d 218, 234 (3d Cir. 2004). *See also Rosa-Diaz v. Dow*, 683 Fed. Appx. 103, 105–06 (3d Cir. 2017) (finding lack of exhaustion and procedural default where inmate failed to name particular defendant in grievance).

Brown offers only his own, unsupported statements that Defendant Cowan "was identified through Plaintiff's request for the Hepatitis-C Committee Members names, from the Right to Know office." ECF No. 58, ¶ 3; *see also* ECF No. 64 at ¶ 3. Brown may have identified Defendant Cowan through such a request, but that does not rescue this claim because Brown did not name the Hepatitis-C Committee in the relevant grievance.[7]

The purpose of the regulation is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing. *Spruill*, 372 F.3d at 234. "[I]t is clear, regardless of the purpose of the requirement, that Spruill requires the prisoner-grievant-plaintiff to name in the grievance those he eventually sues, upon pain of procedural default." *Hemingway v. Ellers*, 2008

---

[7] Even if Brown had identified that "Hepatitis-C Committee" in Grievance 610120, that would not have been enough to properly exhaust his claim against Defendant Cowan. The Department's Grievance Policy requires more. Section 1(A) of that policy requires that "The inmate shall identify individuals directly involved in the events." DC-ADM 804 §1(A)(11)(b); *see also Cunningham v. Zubsic*, 2019 WL 123209, *4 (W.D. Pa. Jan. 8, 2019). Specificity in naming the person or persons involved is an "unambiguous requirement." *Givens v. Naji*, 2018 WL 7516504, *3 (W.D. Pa. Oct. 5, 2018).

7

WL 3540526, at *11 (M.D. Pa. 2008) (citing *Williams*, 146 Fed. Appx. at 557). Brown's failure to identify Defendant Cowan in Grievance 610120 deprives the Department of this notice. So absent justifiable excuse (which Brown has not provided), a Pennsylvania inmate's failure to identify a defendant constitutes a failure to properly exhaust his administrative remedies under the PLRA. *Williams v. Pennsylvania Dep't. of Corr.*, 146 Fed. Appx. 554, 557 (3d Cir. 2005). Brown's failure to identify Defendant Cowan in a fully exhausted grievance bars him from proceeding against that Defendant in this lawsuit and this claim will be dismissed as to Defendant Cowan.

      B.      Brown's claims against the Medical Defendants for breach of contract are dismissed for failure to state a claim.

Next, Defendant Correct Care argues that Brown's breach of contract claim should be dismissed because Brown is not a third-party beneficiary of its agreement with the Department and therefore lacks standing to sue. *See* ECF No. 48 at 9. Brown's theory is that he is a third-party beneficiary of Correct Care's contract because he received the benefit of the medical services contemplated by the contract. Thus, he believes, he is entitled to specific performance of the contract, which would mandate his treatment with Harvoni. Brown's contentions miss the mark.

As a general rule, under Pennsylvania law, a non-party to a contract is a third-party beneficiary only where both contracting parties have expressed an intention to benefit the party in the contract itself. *Brown v. Wexford Health Sources, Inc.*, 2018 WL 3156856, *13 (W.D. Pa. June 28, 2018) (citing *Scarpitti v. Weborg*, 609 A.2d 147, 149 (Pa. 1992); *Spires v Hanover Fire Ins. Co.*, 70 A.2d 828 (Pa. 1950)). Pennsylvania has recognized a limited exception to this general rule where the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the circumstances indicate that the

8

promisee intends to give the beneficiary the benefit of the promised performance. *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983). This exception "leaves discretion with the trial court to determine if recognition of the third-party beneficiary status would be 'appropriate'." *Guy*, 459 A.2d at 751. When applying this exception, Pennsylvania courts require that the circumstances surrounding the contract be "compelling" before finding that recognizing a third-party beneficiary is appropriate to effectuate the intention of the parties. *Scarpitti*, 609 A.2d at 150–51 (citation and quotations omitted). There must be a showing that the alleged beneficiary falls within one of two categories of intended beneficiary—creditor or donee beneficiaries. *Id.*

At least one Pennsylvania court and federal courts within this Circuit and elsewhere have uniformly found this exception inapplicable in cases where a prison inmate has claimed to be a third-party beneficiary of a contract between a department of corrections and a medical provider. *See, e.g.*, *Ziegler v. Correct Care Systems*, 2018 WL 1470786 at *4 (M.D. Pa. March 26, 2018); *Battle v. Prison Health Servs.*, 120 A.3d 391 (Pa. Super. 2015); *Flournoy v. Ghosh*, 2010 WL 1710807 (N.D. Ill. April 27, 2010); *Ali v. DOC*, 2008 WL 5111274, at *5 (D.N.J. Nov. 25, 2008). The court in each of these cases found the facts alleged were insufficient to support third-party beneficiary status.[8]

Brown's Amended Complaint similarly fails to plead facts sufficient to support third-party beneficiary standing. ECF No. 24 at ¶6. Brown merely alleges "Correct Care Solution, Medical Malpractice, Negligence, Breach of Contract, to turn a blind eye towards treating this

---

[8] If Brown is an intended third-party beneficiary of the contract between the DOC and Correct Care, it would appear that all inmates within the custody of the DOC would be entitled to claim that same status. It is far from clear, however, that Pennsylvania law contemplates granting third-party beneficiary standing to such a large class of individuals. *See Guy*, 459 A.2d at 747 (noting that "the grant of standing to ***a narrow class of third party beneficiaries*** seems 'appropriate' under Restatement (Second) of Contracts § 302 where the intent to benefit is clear and the promisee ... is unable to enforce the contracts") (emphasis supplied). Even if Pennsylvania law were found to permit this result, the breath of the application of third-party beneficiary standing would at least bear on whether the parties intended such a result.

9

Hep-C virus." *Id.* Brown also has not sufficiently alleged that there was an express contractual intent to make him a third-party beneficiary of the relevant contract.[9] Indeed, the Amended Complaint makes no such allegation beyond connecting the words "Correct Care" and "breach of contract." *Id.* Accordingly, Brown's breach of contract claim against the Medical Defendants will be dismissed without prejudice.

    C.    Brown's civil conspiracy claims against the Medical Defendants will likewise be dismissed.

Combing through the rambling nature of the Amended Complaint, Brown appears to allege that Defendants Halligan, Stroup, Secara, Edwards, and Cowan conspired with others to delay his treatment and to deny him access to Harvoni to cure his Hepatitis-C infection. *See* ECF No. 24, ¶¶ 5, 7-8, 10. He claims that Defendant Halligan was "placed here by her employee C.C.S. and conspires to not treat Hep-C positive prisoners." *Id.* at ¶ 5. Defendant Stroup, Brown alleges, "conspires to follow a protocal [sic] for denying and delaying treatment for Hep-C." *Id.* at ¶ 7. The Amended Complaint also alleges that Defendant Secara "conspires to be negligent," and that Defendant Edwards "conspires to turn a blindeye [sic] and do nothing towards treating the Hep-C virus." *Id.* at ¶¶ 8-9. Finally, the allegations against Defendant Cowan amount to the accusation that he "conspired with the Hep-C committee members to save money insted [sic] of prisoners' lives, knowing that the untreated Hep-C is a serious health risk, a problem that causes long term liver damage, and could possibly lead to death." *Id.* at ¶ 10.

To state a conspiracy, claim under 42 U.S.C § 1983, the object of the conspiracy must be a civil rights violation. *Williams v. Corizon*, 2017 WL 4787223, *20 (E.D. Pa. Sept. 9, 2013). Conclusory statements alone are insufficient to plead civil conspiracy under § 1983:

---

[9] Although the express terms of contract between Correct Care and the DOC are material to the analysis of third-party beneficiary standing, that document is not presently before the Court.

10

> Merely asserting that "all [d]efendants expressly or tacitly agreed to act and did expressly or tacitly act under the color of state law, knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent (sic) and with deliberate indifference, in concert and conspiracy with each other and others to violate [p]laintiff's constitutional, civil and other rights" is insufficient to satisfy the pleading requirements.

*Robinson v Corizon Health, Inc.*, 2016 WL 1274045, *12 (E.D. Pa. Mar. 30, 2016). To state a civil conspiracy claim, the plaintiff must "allege specific facts, particular to the moving defendants, demonstrating the actions of defendants committed in creating and furthering the conspiracy, including the times and places of meetings and the general role of each conspirator." *Id.* Brown's bare allegations, without more, fail to state a claim for civil conspiracy under this standard. Accordingly, Defendants' motion to dismiss these claims will be granted. However, because the Court cannot conclude as a matter of law that further amendment by Brown would be futile, Brown will be granted a further opportunity to amend his Amended Complaint to attempt to satisfy the factual allegations necessary to state a valid conspiracy claim.

    D.    State Law Negligence Claims Are Dismissed for the Failure to File a Certificate of Merit.

Brown's Amended Complaint asserts a professional negligence claim under Pennsylvania law against the Medical Defendants. The Medical Defendants move to dismiss this claim because Brown failed to timely file a certificate of merit ("COM"), as required by Pennsylvania Rule of Civil Procedure 1042.3. This Rule requires a plaintiff alleging professional negligence under Pennsylvania law to file a COM within sixty (60) days of filing the complaint. *See Jubilee v. Berdanier*, 2019 WL 314719, at *7 (M.D. Pa. Jan. 24, 2019) (citing PA. R. CIV. P. 1042.3). This certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell below acceptable professional standards," and that

11

this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed. *Id.* (citing PA. R. CIV. P. 1042.3(a)(1)-(3)). Failure to file a certificate of merit is fatal to a plaintiff's claim. PA. R. CIV. P. 1042.7. Defendants who seek to dismiss for want of a certificate must first file written notice of their intent to do so, no sooner than thirty (30) days after the complaint was filed. PA. R. CIV. P. 1042.6(a).[10]

Rule 1042.3 applies to this action. The Third Circuit has determined that the Certificate of Merit requirement is a substantive rule of Pennsylvania law, applicable to federal court actions under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). *See Liggon-Redding v. Estate of Robert Sugarman*, 659 F.3d 258 (3d Cir. 2011); *Chin v. Chrysler LLC*, 538 F.3d 272, 278 (3d Cir. 2008). Thus, Brown was required to file a Certificate of Merit. And Brown acknowledges that, no later than July 11, 2018, the Medical Defendants gave him notice of their intent to move for dismissal of his claims for a failure to file the COM, yet he failed to file one. *See* ECF No. 51.

A pro se plaintiff's failure to meet the technical requirements of Rule 1042.3 may be excused by the Court when the plaintiff has made a substantial effort to comply with the Rule or provided a reasonable excuse for failing to do so. *See Booker*, 366 Fed. Appx. at 427–29; *Ramos v. Quien*, 631 F. Supp. 2d 601, 611–12 (E.D. Pa. 2008). But "[t]he purpose of the required certificate of merit is to 'assure that malpractice claims for which there is no expert support will

---

[10] Apart from the Medical Defendants' Motion to Dismiss, Brown has also filed a motion with the Court asking whether he has to file a COM. ECF No. 51. The answer is yes. That motion is denied for reasons set forth in this opinion. The efficacy and appropriateness of prescribing Harvoni or other anti-viral medications involves medical issues beyond the common understanding of a jury and, therefore, are matters for expert testimony. Hence, a COM is required in this case.

12

be terminated at an early stage in the proceedings.'" *Green v. Fisher*, 2014 WL 65763, at *12 (M.D. Pa. Jan. 8, 2014) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000).

Brown has stated that the reason he has not filed a COM is that he is a pro se litigant and that it "would be burdensome attempting to hire or even locate a statement from a licensed professional as required for a certificate of merit." ECF No. 51 ¶ 2. He does not argue that expert testimony is unnecessary to prosecute this case. *Id.* As this Court has noted, the argument that requiring a prisoner to file a COM is burdensome "is not a sufficient excuse for failing to file a [certificate of merit]." *Gadson v. John Doe #1 Correctional Officer*, 2016 WL 3469383, at *6 (W.D. Pa. May 24, 2016) (quoting *Baumgardner v. Ebbert*, 535 Fed. Appx. 72, 77 n.5 (3d Cir. 2013).

Nor does ignorance of the rule excuse failure to comply, even for a pro se plaintiff. *See Hoover v. Davila*, 862 A.2d 591, 594 (Pa. Super. Ct. 2004). Brown did not file the required COM, nor did he make a substantial effort to comply with the rule or provide a reasonable excuse for failing to do so. Thus, his professional negligence against the Medical Defendants is dismissed. *See Bresnahan v. Schenker*, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007); *see also Womer v. Hilliker*, 908 A.2d 269 (Pa. 2006).[11]

IV.  Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court of Appeals

---

[11] The Court notes that after the Medical Defendants' motion to dismiss was filed, Brown filed a Motion for Court Permission for Leave to Amend the Complaint and a Motion for Leave to File Amended Complaint. *See* ECF No. 53; ECF No. 60. Both of these motions sought to convert this case into a class action against the Defendants. *Id.* Those motions are DENIED. As this Court has recently explained, "Plaintiffs, who are proceeding pro se, cannot satisfy the fourth element, adequacy of representation. It is well-settled that a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates. This is because the [a]bility to protect the interests of the class depends in part on the quality of counsel, and ... the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *See Marmolejos v. Global Tel*Link Corp.*, 20190 WL 981882, at *2 (W.D. Pa. Jan. 9, 2019) (internal quotation marks and citations omitted).

for the Third Circuit has instructed that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment is futile when it would not cure the deficiency in the complaint, or, in other words, when the complaint, as amended, would still fail to state a claim upon which relief could be granted, *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000), or it is otherwise futile. Our Court of Appeals has held that amendment is futile if the complaint is barred by the Eleventh Amendment. *Andrews v. Hens-Greco*, 641 Fed. Appx. 176, 181 n. 6 (3d Cir. 2016. Amendment of the complaint can also be futile if the complaint is barred by the *Rooker-Feldman* doctrine. *Klein v. United States*, 2012 WL 928698, at *17 (M.D. Pa. Feb. 13, 2012. Additional amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss. *Shane*, 213 F.3d at 116. "[T]hese principles apply equally to pro se plaintiffs and those represented by experienced counsel." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

As evidenced by the SOIGA record, further opportunity to amend Brown's claim against Defendant Cowan would be futile. Although the Court is skeptical that Brown will be able to allege facts sufficient to support his civil conspiracy claim or third-party beneficiary status for his breach of contract claim, the Court will permit further amendment to allow Brown to attempt to correct the deficiencies in these claims as identified in this opinion. Lastly, the Court will permit Brown to amend his claim for professional negligence against the Medical Defendants should he file a Certificate of Merit under the Pennsylvania rules[12]

---

[12] Although Rule 1042.3 compels dismissal of this claim, the Court declines to do so with prejudice at this juncture. The entry of a judgment non pros by the prothonotary, which is the outcome contemplated by Rule 1042.3, has no

14

V.   Conclusion

For these reasons, it is ordered as follows:

1. Plaintiff Brown's claim against Defendant Cowan is DISMISSED with prejudice;

2. Plaintiff Brown's claim against the Medical Defendants alleging third-party beneficiary status is DISMISSED without prejudice;

3. Plaintiff Brown's claim against the Medical Defendants alleging civil conspiracy is DISMISSED without prejudice;

4. Plaintiff Brown' claim against the Medical Defendants for professional negligence under Pennsylvania law is DISMISSED without prejudice.

5. Plaintiff Brown's Motion Seeking A Determination By the Court as to the Necessity of Filing a Certificate of Merit (ECF No. 51) is DENIED.

6. Plaintiff Brown's Motion for court Permission for Leave to Amend Complaint (ECF No. 53) is DENIED.

7. Plaintiff Brown's Motion for Leave to File Amended Complaint (ECF No. 60) is DENIED.

---

precise analogue in the federal system. In this context, federal courts have held that "[u]nlike dismissal with prejudice, the entry of *non pros* is a default judgment that does not bar the plaintiff from commencing another suit based upon the same cause of action." *Bresnahan v. Schenker*, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007) (quoting *Scaramuzza v. Sciolla*, 345 F. Supp. 2d 508, 511 (E.D. Pa. 2004)). "Moreover, under Pennsylvania law, a party can seek relief from a *non pros* dismissing a case under Rule 1042.3 by coming into compliance with the rule, showing that there is a meritorious malpractice cause of action, and providing a reasonable explanation or legitimate excuse for the earlier non-compliance." *Lundy v. Monroe Cty. Corr. Facility*, 2017 WL 9362913, *6 (M.D. Pa. Dec. 18, 2018) (citing *Womer v. Hilliker*, 908 A.2d 269 (Pa. 2006); Pa. R. Civ. P. 3051). Therefore, "[w]hen a plaintiff has failed to submit a certificate of merit or otherwise indicated that he has retained an expert witness, it is appropriate for a federal district court to dismiss his professional malpractice claim without prejudice." *Donnelly v. O'Malley & Langan, P.C.*, 2009 WL 3241662 (M.D. Pa. Oct. 2, 2009) (citations omitted) *aff'd as modified sub nom., Donnelly v. O'Malley & Langan, PC*, 370 Fed. Appx. 347 (3d Cir. 2010). Brown may yet have recourse on this claim if he can file an appropriate COM and "demonstrate a reasonable explanation or legitimate excuse for untimely filing." *Ramos v. Quien*, 631 F. Supp. 2d 601, 612 (E.D. Pa. 2008).

Brown may file a further amended complaint on or before April 26, 2019. If Brown chooses not to file an amended pleading by that date, the dismissal of these claims will be converted to a dismissal with prejudice without further notice. *See, e.g., Cunningham v. Zubsic*, 2019 WL 134209, *6 (W.D. Pa. Jan. 8, 2019). If Plaintiff Brown does file an amended pleading, the Medical Defendants will have fourteen (14) days from that date of that filing within which they may answer or otherwise respond to the amended complaint.

So ordered.

                                                    RICHARD A. LANZILLO
                                                    United States Magistrate Judge

Entered this 25th day of March, 2019.